**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| COLLEEN BENNETT-HOUSTON, ) | |
| ) | |
| Plaintiff, ) | No. 18 cv 03283 |
| ) | |
| v. ) | Judge Colleen R. Lawless |
| ) | |
| STATE OF ILLINOIS, DEPARTMENT ) | Magistrate Judge Karen McNaught |
| OF CORRECTIONS, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Colleen Bennett-Houston, by her attorney, David Hemenway, moves for entry of an order enforcing the parties' settlement reached in this case and directing the Defendant State of Illinois, Department of Corrections, to immediately make the settlement payment required under the terms of the parties' settlement agreement ("Agreement," attached as Exhibit 1). Plaintiff also moves for the Court to amend the previously-entered order dismissing this case without prejudice (with the dismissal automatically converting to a dismissal with prejudice) to reset the date of the conversion to a dismissal with prejudice. Plaintiff states as follows in support of her motion:

### BACKGROUND FACTS

1.  On October 15, 2023, eight days prior to the scheduled jury trial date of October 23, 2023, the parties reached an agreement to settle this matter, with Plaintiff agreeing to withdraw her claims and execute a general release of claims in exchange for a monetary payment in an amount mutually agreed to by the parties. (Ex. 2).

2.  On October 16, 2023, Defendant's counsel, Assistant Attorney General Thomas Ewick, e-mailed the Judge's Chambers and informed the Court that the parties had

reached a settlement agreement and requested that the Court vacate the trial date and set the matter for a status conference. (Ex. 3).

3. Due to delay by caused Defendants counsel in not communicating with Plaintiff's counsel in reducing the settlement terms to a written instrument, Plaintiff filed a motion to enforce the agreement on December 4, 2023. (Docket # 66).

4. After Plaintiff filed her motion to enforce the agreement, Ewick contacted Plaintiff's counsel, David Hemenway, and the parties agreed on the agreement language. (Ex. 4 at p.1). Ewick specifically represented that he had received authorization to accept Plaintiff's requested revisions to the proposed Agreement. (*Id*). Ewick also transmitted a revised agreement to Hemenway and requested Plaintiff's signature and Hemenway's signature (as to form only). (*Id.*)

5. Plaintiff executed the Agreement, Hemenway transmitted the agreement signed by Plaintiff and Plaintiff's counsel to Ewick on December 6, 2023. (Ex. 5). The Agreement transmitted to Hemenway was signed by Ewick but had not yet been signed by another IDOC representative.

6. On December 7, 2023, the Court conducted a status hearing on settlement. Counsel for the parties both confirmed that the parties had reached an agreement, and considering Ewick's earlier e-mail to the Court and statements at the settlement status hearing confirming that the parties had reached an agreement, Plaintiff withdrew her motion to enforce the agreement. (Docket # 65).

7. Under the terms of the Agreement, Defendant was required to make the payments required by the Agreement within 30 days of execution of the Agreement by Plaintiff. Thus, the settlement payments were due on or before January 5, 2024. (Ex. 1 - Agreement at ¶ 1).

8.  Plaintiff's counsel did not receive the payments by the date specified in the Agreement, but through e-mail communications with Defendant's counsel, was assured payments would be made promptly, and that Defendant's counsel had been in communications with IDOC's fiscal department regarding payment. (Ex. 4, p. 2).

9.  Defendant's counsel e-mailed Plaintiff's counsel on January 19, 2024. and stated, *inter alia*, that payment had been authorized "earlier this week." (Ex. 4, p.1).

10. Having still not received the payments as of January 25, 2024, Plaintiff's counsel e-mailed Defendant's counsel. He received the following one sentence auto-response from Ewick's State of Illinois e-mail account: "I no longer work for the Office of the Illinois Attorney General. Please call the office at 217-785-4555 if you need assistance." (Ex. 6).

11. On January 29, 2024, Hemenway called the number on the auto-response e-mail and spoke to an employee with the Attorney General's office. He was informed that the case had not yet been reassigned to another attorney, but was unable to obtain any other information regarding the status of the settlement payment or with whom he could discuss the case.[1]

## ARGUMENT

12. The parties have an enforceable agreement. The enforceability of a settlement agreement is a contract governed by principles of state contract law. *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014). Under Illinois law, an enforceable contract exists when the traditional elements of a contract - offer, acceptance, and consideration - are present. *See Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.*, 42 Ill. App. 3rd 865, 868-69 (1st

---

[1] The other attorney with an appearance on file for this matter for Defendant, Robert Sprague, is not an employee of the Attorney General's office has not been actively involved in settlement negotiations or in previous proceedings.

Dist. 1976). Settlement agreements are encouraged and should be given their full force and effect. *M.H. Detrick v. Century Indemnity Co.*, 299 Ill. App. 3d 620, 624 (1st Dist. 1998). A court has an obligation "to apply a strict test and favor a construction that would render the contract enforceable rather than void." *Washington v. Bd. of Educ. of the City of Chicago*, 2018 WL 558501 at *7 (N.D. Ill. Jan. 24, 2018).

13. As demonstrated by the "Background Facts" Section of this motion, all of the elements of contract formation are present. In addition, the e-mails from Ewick to Hemenway demonstrate that was authorized by Defendant to the Agreement on behalf of Defendant. Defendant's counsel states on more than one occasion that he has received approval for the settlement from his client. In addition, Defendant's counsel represented to this Court that the parties had settled this matter. If a settlement is stated on the record in open court, "authority to settle is presumed unless rebutted by affirmative evidence that authority is lacking." *Blutcher v. EHS Trinity Hospital*, 321 Ill. App. 3d 131, 137 (1st Dist. 2001). In this case, the negotiation history, and representations by Defendant's counsel regarding his communications with IDOC and his Supervisors, and in open court, confirm that an enforceable contract has been formed. (See Exhibits 2-4).

14. Under the terms of the Agreement, Defendant agreed to pay Plaintiff $140,000 in exchange for a release of claims and dismissal of this action, and to deliver payment to Plaintiff's counsel more than two weeks ago. (Ex. 1 - Agreement at ¶ 1). Plaintiff has performed her obligations under the Agreement by moving for an order of dismissal without prejudice (and a subsequent amended order), with the dismissal automatically converting to a dismissal with prejudice on or before February 6, 2024, which the Court granted on January 22, 2024. (Docket #70).

15.   A District Court with jurisdiction may "summarily enforce a settlement agreement." *Hakim v. Payco-General American Credits*, 272 F.33d 932, 936 (7th Cir. 2021). "The decision to enforce a settlement agreement is entirely within the district court's discretion." *Collins v. Educational Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999).

16.   In light of the lack of response from Defendant regarding the status of the overdue settlement payment, the uncertainty regarding Defendant's current legal representation, and the approaching February 6, 2024, date upon which the Court will no longer retain jurisdiction over this case, Plaintiff requests entry of an order directing the Defendant to immediately make payment to Plaintiff by delivering the settlement payments required under paragraph 1 of the Agreement to her counsel.

18.   Plaintiff also requests that the Court amend its order entered on January 22, 2024 (Docket #70), stating that the dismissal with prejudice will convert to a dismissal without prejudice on February 6, 2024, by changing the date of the automatic conversion to February 28, 2024, and stating that Plaintiff will file a stipulation to dismiss with prejudice within 48 hours if payment is received prior to the date of the automatic conversion.

## CONCLUSON

**Wherefore**, Plaintiff requests that Court enter an order stating as follows:

1.   Finding that an enforceable settlement agreement exists between Plaintiff Colleen Bennett-Houston and Defendant, State of Illinois, Department of Corrections, and that Defendant is in breach of the Agreement;

2.    Directing the Defendant State of Illinois, Department of Corrections to immediately deliver the settlement payment to Plaintiff's counsel as required under paragraph 1 of the Agreement;

3. Entering the attached amended order dismissing this case without prejudice, with the dismissal automatically converting to a dismissal with prejudice on February 28, 2024, with Plaintiff to file a stipulation to dismiss if Plaintiff receives the settlement payment more than 48 hours prior to February 28, 2024; and,

4. Such other relief as the Court deems proper.

Respectfully submitted,

/s/David Hemenway, Plaintiff's attorney

David A. Hemenway, P.C.
899 S. Plymouth Court, No. 108
Chicago, IL 60605
(312) 663-4733
employmentlaw@mac.com
ARDC# 6216227

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| COLLEEN BENNETT-HOUSTON, ) | |
| ) | |
| Plaintiff, ) | No. 18 cv 03283 |
| ) | |
| v. ) | Judge Colleen R. Lawless |
| ) | |
| STATE OF ILLINOIS, DEPARTMENT ) | Magistrate Judge Karen McNaught |
| OF CORRECTIONS, ) | |
| ) | Jury Demand |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2024, I electronically filed the foregoing **Plaintiff's Motion to Enforce Settlement Agreement** with the Clerk of the Court for the United States District Court for the Central District of Illinois via the CM/ECF system, which will send notification to the following person(s):

Thomas Ewick (Thomas.Ewick@ilag.gov)
Robert Hogue (robert.hogue@springfield.il.us)

and I certify that on the same date, I mailed the document identified above to the following non-registered participant via the United States Postal Service: NONE.

/s/David Hemenway, Plaintiff's Attorney

DAVID A. HEMENWAY, P.C.
899 S. Plymouth Court, No. 108
Chicago, IL 60605
employmentlaw@mac.com
(312) 663-4743
IARDC No. 6216227