# EXHIBIT 1
# SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COLLEEN BENNETT-HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Case no. 18 cv 03283 |
| ) | |
| v. ) | Honorable Colleen Lawless |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Colleen Bennett-Houston ("Plaintiff") and the Illinois Department of Corrections ("Defendant"), collectively referred to as the "Parties."

### RECITALS

Plaintiff filed the above-captioned lawsuit alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States (hereinafter referred to as the "Action").

Defendant denies the allegations and/or that it has violated Plaintiff's rights or that Plaintiff has suffered any damages.

To avoid further expense and in recognition of the Parties' position, the Parties wish to settle, compromise and terminate this Action;

### TERMS

The Parties agree to the following:

1.  In consideration for the full and complete settlement of this claim, Plaintiff shall receive $140,000 ("Settlement Amount"). The Settlement Amount is payable from

1

**EXHIBIT 1**

appropriations made to Illinois Department of Corrections for the State's 2024 fiscal year. The Settlement Amount shall be paid as follows:

    a.  One check for $27,200.00, less regular payroll deductions, made payable to Plaintiff for her claims for back pay/lost wages, with a form W-2 issued to Plaintiff for this amount.

    b.  One check for $66,180.00 for her claims for non-economic damages/mental anguish made payable to Plaintiff, with a Form 1099 issued to Plaintiff in that amount.

    c.  One check for $46,620.00 made payable to David A. Hemenway, P.C. for Plaintiff's claims for reasonable attorney's fees and costs, with a Form 1099 issued to both David A. Hemenway, P.C. and Plaintiff in this amount.

Payment of the Settlement Amount shall be paid within thirty (30) days of Plaintiff's execution of the Agreement. Defendant's agreement to pay the settlement amount in this manner does not indicate its agreement that Plaintiff has suffered damages. Plaintiff agrees to indemnify Defendant for any tax liabilities/penalties it incurs by agreeing to characterize the settlement payment in this manner.

2.    The Parties understand that the Settlement Amount is subject to the availability of funds in the State Treasury and the operations of the State Comptroller's office in processing vouchers for payment and withholding funds that Plaintiff may owe to other persons or to state agencies. Plaintiff may contest the validity of these claims through applicable state procedures. Plaintiff and their attorneys shall submit W-9 forms and any other documents reasonably requested to effectuate the payment.

3.    The above-tendered consideration is not to be construed as an admission of any liability.

4.    Plaintiff agrees that in or about October 2022, she resigned from her

employment with the Illinois Department of Corrections for medical reasons. Plaintiff further agrees that they will not seek or accept employment with the Illinois Department of Corrections or the State of Illinois in the future.

5. Plaintiff and their heirs, successors, assigns, and all other persons acting on Plaintiff's behalf release and forever discharge Defendant(s) and the State of Illinois, its agencies and their agents, former and present employees, successors, heirs, and assigns and all other persons acting on their behalf from all actions, claims and demands of any kind that arose or could have arisen from the facts alleged or claims made in the Action, whether known or unknown, up to the effective date of this Agreement. Plaintiff and Plaintiff's attorney release, waive, and relinquish any claim or right to attorney fees, costs, or expenses allegedly incurred or due under any statute, rule, or common law provision.

6. Plaintiff agrees to dismiss the Action without prejudice upon execution of this Agreement by the parties, with the dismissal without prejudice automatically converting to a dismissal with prejudice on January 16, 2023, unless the Court extends this date upon by motion by either party. If the settlement payment is made prior to January 16, 2023, Plaintiff shall file a stipulation to dismiss with prejudice within 2 (two) days of receipt of payment of the Settlement Amount.

7. This Agreement contains the entire agreement between the Parties. No promise has been made to pay or give Plaintiff any consideration other than as stated in this Agreement. All the Parties' agreements, covenants, commitments and warranties, express or implied, oral or written, concerning this Agreement's subject matter are contained in this Agreement.

8. Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences, and in doing so represents and warrants that they

have not relied on any information or representation by Defendant(s), their counsel, or other agents, oral or written, that are not contained in this Agreement.

Plaintiff specifically acknowledges that she is also releasing any and all claims under the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §§621 *et seq.* (the "ADEA"), and any state or local law pertaining to age discrimination:

a. Plaintiff is releasing any and all claims against the Released Parties under the ADEA, as amended by the Older Workers Benefit Protection Act, arising up to the date of Plaintiff signing this Agreement;

b. The payment that Plaintiff will receive under this Agreement is greater than, and in addition to, anything of value Plaintiff is o otherwise entitled to receive;

c. Plaintiff has had an opportunity to consult with an attorney of Plaintiff's choice before deciding whether to sign the Agreement and has not been given any legal advice from any of the Released Parties;

9. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

10. This Agreement may not be changed, modified or assigned except by written agreement of Plaintiff, the Illinois Department of Corrections, and the Illinois Attorney General.

11. Plaintiff shall not file this Agreement in any court. Plaintiff shall not disclose to anyone the Agreement's terms and conditions or other terms or related particulars discussed in settlement negotiations, except as necessary to enforce Agreement terms or as expressly required by law. On inquiry, Plaintiff and their attorney shall simply state that these matters were settled to the satisfaction of the Parties. Plaintiff may also discuss this Agreement and its terms with her tax adviser(s) and her husband.

12. This Agreement shall not be construed to constitute a waiver of sovereign immunity of the State of Illinois or Illinois Department of Corrections.

13. If any provision of this Agreement is declared invalid or unenforceable, the balance of this agreement shall remain in full force and effect.

14. This Agreement may be executed in multiple counterparts and shall be deemed effective when executed by all the Parties.

December 6, 2023

AGREED:

_[signature]_         12/6/2023
Plaintiff                                 Date

_David Hemenway_       December 6, 2023
Counsel for Plaintiff (as to form)     Date


/s/ Thomas R. Ewick
Assistant Attorney General        Date
Counsel for Defendant(s)



_____    _____
On behalf of Illinois Department of Corrections    Date


_____
Title

5