UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLEEN BENNETT-HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 03283 |
| | ) | |
| v. | ) | Judge Colleen R. Lawless |
| | ) | |
| STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, | ) ) | Magistrate Judge Karen McNaught |
| | ) | Jury Demand |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO MOTION TO ENFORCE SETTLEMENT

NOW COMES Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, and in response to Plaintiff's Motion to enforce settlement, states as follows:

1. First, Defendant agrees that a binding settlement was entered into between the parties. Defendant further agrees this court should amend the previously entered order dismissing the case with the dismissal automatically converting the dismissal to one with prejudice so that the date of conversion is reset for a future date.

2. Undersigned counsel filed his appearance in this matter on April 10, 2023, in anticipation of being the second chair during the jury trial. (Dkt. 58). Undersigned also appeared at the Final Pre-Trial Conference on October 12, 2024. Plaintiff's counsel is correct that the undersigned did not participate in any of the settlement communications.

3. In preparing this motion, the undersigned reviewed the settlement agreement that was signed by all parties and notes the provision that it would be paid within 30 days. That provision is not typically agreed to on behalf of Defendant. The undersigned is currently reviewing the available information as to this issue.

4. In order to process the settlement, Defendant needed certain information, including but not limited to W-9s. These were not received until January 9, 2024, and corrective information was needed and not received until January 12, 2024. *See* Exhibit 1 attached, emails exchanged between Tom Ewick and David Hemenway.

5. After Defendant received that information, the final preparations to have the checks issued were made. Plaintiff's back wages/lost pay voucher is expected to be received by Concordia Correctional Center by the end of business on February 2, 2024, and then mailed to Plaintiff shortly after. The two remaining checks have been approved in IDOC's system and have been transmitted to the Illinois Comptroller's Office for issuance of the checks. It is typical for the Comptroller's Office to take several weeks to issue the checks.

6. Defendant will keep the undersigned updated timely as to the status of the checks or any further delays. Undersigned will provide Plaintiff's Counsel with status updates as he receives them from Defendant.

7. Defendant intends to comply with the settlement agreement but has run into complications processing the required information and askes this Court for time to finish executing the terms of the settlement.

8. No order enforcing the agreement is necessary. Payment is being processed.

WHEREFORE, Defendant respectfully request that this Court deny Plaintiff's motion to enforce settlement.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

By: /s/Robert Hogue
Robert Hogue, #6318000
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
E-Mail: robert.hogue@ilag.gov